UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN D. MCGEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-116-NAB |
| | ) |
| JULIE INMAN, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner Kevin D. McGee's motion for leave to proceed *in forma pauperis*, and submission of a pleading. The Court has reviewed the motion, and has determined to grant petitioner leave to proceed *in forma pauperis* in these proceedings. Additionally, the Court will dismiss this action, without prejudice.

**Background**

The following information is drawn from the instant pleading, and from independent review of publicly-available records of petitioner's state court proceedings[1] and prior actions he filed in this Court.[2] At present, petitioner receives care at the Southeast Missouri Mental Health

---

[1] According to Missouri.Case.net, the State of Missouri's online docketing system, petitioner has applied for conditional or unconditional release in Missouri state court three times, most recently in 2017. His applications were consolidated into a single action. *See McGee v. Stringer,* No. 17SF-CC00088 (24th Jud. Cir. 2017). Petitioner's application was denied on December 15, 2017. There is no indication that he appealed the denial to the Missouri Court of Appeals.

[2] Petitioner has previously sought habeas corpus relief in this Court. *See McGee v. Reeves,* 4:97-CV-1703 FRB (E.D. Mo. 1997); *McGee v. State of Missouri,* 4:97-CV-1935 FRB (E.D. Mo. 1997); *McGee v. Limbaugh,* 4:97-CV-2299 TIA (E.D. Mo. 1997); *McGee v. Limbaugh,* 4:97-2384 CAS (E.D. Mo. 1997); *McGee v. Menditto,* 4:04-CV-139 CAS (E.D. Mo. 2004); *McGee v. Menditto,* 4:05-CV-528 FRB (E.D. Mo. 2005); *McGee v. Ring,* 4:09-CV-821 CAS (E.D. Mo. 2009); *McGee v. Schmitt,* 4:16-CV-1093 CEJ (E.D. Mo. 2016); *McGee v. Stringer,* 4:17-CV-258 ACL (E.D. Mo. 2017); *McGee v. Schmitt,* 4:17-CV-2366 NCC (E.D. Mo. 2017); *McGee v. Hacker,* 4:19-CV-1205 HEA (E.D. Mo. 2019); *McGee v. Schmidtt,* 4:19-CV-3214 SRC (E.D. Mo. 2019); *McGee v. Inman,* No. 4:20-CV-720 NAB (E.D. Mo. 2020). He has also filed several civil actions.

Center in Farmington, Missouri. In 1988 in the Circuit Court of Cape Girardeau County, Missouri, he pleaded not guilty by reason of mental disease or defect to a charge involving assault and flourishing a deadly weapon, and the Missouri State Court ordered him committed to the custody of the Director of the Missouri Department of Mental Health. He did not appeal the judgment.

Petitioner initiated this action by filing a pleading that he prepared using this Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983. However, in the caption of the pleading, he writes: "I want to file for an unconditional release." Additionally, in describing the relief he seeks from this Court, he writes: "I want to file § 552.040.10 an unconditional release no rules to the exception it appeared I was being set up by Cape's Detectives." It is therefore obvious that petitioner does not intend to seek relief pursuant to 42 U.S.C. § 1983, and instead intends to seek unconditional release via a civil action pursuant to 28 U.S.C. § 2254. Petitioner names Julie Inman (his current custodian), and law enforcement officers Lt. Brown and Zebedee Williams as respondents. In setting forth his statement of claim, he writes: "I was working in the capacity as a confidential informant, Mack McCoy, and ensued an arrest against me, instead of busting Danny Adam's they arrest me."

## Discussion

Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009). "To satisfy the exhaustion requirement, a person confined in a Missouri State

Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991) (internal citation omitted).

Here, petitioner does not allege, nor does independent inquiry reveal, that he has applied for unconditional release since the Missouri state court denied such relief in 2017. Additionally, petitioner did not appeal the Missouri state court's judgment to the Missouri Court of Appeals. He has therefore failed to exhaust state court remedies, and this Court is unable to grant him the relief he seeks in the instant pleading. Even if this Court were to construe petitioner's pleading as a complaint filed pursuant to 42 U.S.C. § 1983, this case would be dismissed because petitioner's allegations fail to state a claim upon which relief may be granted, and release from state custody is not an available remedy under § 1983. The Court will therefore dismiss this action at this time, without prejudice.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

3

**IT IS HEREBY ORDERED** that petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 13th day of July, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE